1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY RATERMAN-DOIDGE, | Case No. 1:24-cv-00654-JLT-SKO |
| Plaintiff, | ORDER VACATING HEARING AND GRANTING PLAINTIFF'S MOTION TO WITHDRAW ADMISSIONS |
| v. | |
| CITY OF FRESNO, | (Doc. 16) |
| Defendant. | |

This matter is before the Court on Plaintiff Mary Raterman-Doidge's motion to withdraw admissions that occurred by operation of law when she failed to serve timely responses to Defendant City of Fresno's Requests for Admissions, filed April 8, 2025 (the "Motion").  (Doc. 16.)  The parties filed a joint statement directed to the Motion (the "Joint Statement"), as required by this Court's Local Rule 251, on April 30, 2025.  (Doc. 18.)  The Court has reviewed the parties' Joint Statement and finds the matter suitable for decision without oral argument. Accordingly, the hearing set for May 14, 2025, will be vacated.

Having considered the Joint Statement, and for the reasons set forth below, the Motion will be granted.

## I.     BACKGROUND

### A.     Factual Background

Plaintiff was formerly employed by Defendant as an attorney.  (Doc. 1 ¶ 5; Doc. 5 ¶ 5.) She claims that Defendant discriminated against her due to her disability and gender and retaliated when she requested accommodations and reported workplace issues.  (*See generally*

1

Doc. 1.)  Specifically, Plaintiff alleges that after undergoing knee surgeries, Defendant failed to address health hazards, including mold in her office, and subjected her to a hostile work environment from her supervisor.  (*Id*. ¶¶ 8–26.)  Plaintiff alleges that after requesting reasonable accommodations and taking job-protected leave, she faced retaliation, culminating in her constructive discharge.  (*Id*. ¶¶ 27–32.)

**B.    Procedural History**

On February 18, 2025, Defendant propounded various discovery requests, including thirty-one Requests for Admission ("RFAs"), on Plaintiff.  (*See* Doc. 18 at 21 and Ex. 1.)  Plaintiff's responses to the RFAs were due March 20, 2025.  *See* Fed. R. Civ. P. 36(a)(3).  Plaintiff reviewed the responses and signed the verification on March 19, 2025, and her attorney's office prepared a proof of service indicating the responses were to be served via email to defense counsel on March 20, 2025.  (*See* Doc. 18 at 21 and Ex. 2.)  Plaintiff's attorney, however, failed to serve electronically the responses on Defendant "through sheer oversight and inadvertent mistake."  (*Id*. at 21.)

At 9:21 AM on March 28, 2025, eight days after the due date, Defendant notified Plaintiff via email that it had not received responses to the RFAs, and as such they were "now deemed admitted under Rule 36 for failure to timely respond."  (Doc. 18 at 21 and Ex. 3.)  At 9:47 AM, Plaintiff emailed the responses to defense counsel.  (*See id*. at 22 and Ex. 4.)

After unsuccessfully attempting to resolve the dispute regarding the RFAs without Court intervention (*see* Doc. 18 at 4), Plaintiff filed the present Motion seeking to withdraw 21 deemed admitted RFAs.[1]  Defendant opposes the Motion, asserting, among other things, that Plaintiff has not met her burden to justify the amendment under Fed. R. Civ. P. 36(b), and that, even if so, the Court should exercise its discretion to deny the Motion.  (*See* Doc. 18 at 3–4, 12–20.)

## II.    LEGAL STANDARD

Once admitted, a matter is conclusively established, "unless the court, on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P. 36(b).  Under Federal Rule of Civil

---

[1] Plaintiff's responses to the RFAs indicate that she admits 10 out of the 31 RFAs propounded by Defendant.  (*See* Doc. 18 at Ex. 2.)  Thus, 21 RFAs (*e.g.*, RFA Nos. 6–12, 14, 16–20, 22, 24, 26–31) were deemed admitted by operation of law and are therefore at issue in the Motion.

Procedure 36(b), "the court may permit withdrawal or amendment [of an admission] [1] if it would promote the presentation of the merits of the action and [2] if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.*  Although Rule 36(b) is "permissive, the Advisory Committee clearly intended the two factors set forth in Rule 36(b) to be central to the analysis." *Conlon v. United States*, 474 F.3d 616, 625 (9th Cir. 2007).  In addition to Rule 36(b)'s two factors, the court "may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Id.*

### III.    DISCUSSION

**A.    Presentation of the Merits**

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Conlon*, 474 F.3d at 622 (citing *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).  "Thus, the question is not whether allowing the deemed admissions would have any effect on a trial on the merits of the case; it is whether it would eliminate the need to reach a trial on the merits at all." *Carden v. Chenega Security & Protection Servs., LLC*, 2011 WL 1344557, at *2 (E.D. Cal. Apr.8, 2011).

This prong favors allowing Plaintiff to withdraw her admissions.  Plaintiff claims that she was subjected to gender and disability discrimination and retaliation by Defendant.  The RFAs at issue seek to have Plaintiff essentially concede that these claims lack a basis in law or fact.  For example, RFA Nos. 6 and 7 seek admissions that Plaintiff "never received a disciplinary order for reduction" in pay or benefits from Defendant.  (Doc. 18 at Ex. 1.)  RFA Nos. 9–11, 26, and 29 seek admissions that Defendant "never undertook an adverse employment action" against Plaintiff based on her disability or gender, for making a discrimination complaint, for requesting an accommodation, or for taking job-protected leave.  (*See id.*)    RFA Nos. 22 and 24 seek admissions that Plaintiff never had a "medical restriction," whereas RFA Nos. 12 and 14 seek admissions that Plaintiff neither needed nor requested a "reasonable accommodation" to "perform the essential job junctions" of her position.  (*See id.*)   RFA Nos. 16, 18, and 30 seek admissions that Defendant never "made a disparaging remark" to Plaintiff based on disability,

medical condition, or because of taking job-protected leave.  (*See id.*)  Finally, RFA Nos. 17, 19, 28, and 31 seek admissions that Defendant never "threatened to discipline" Plaintiff based on gender, medical condition, or because of engaging in a "protected activity," including job-protected leave.  (*See id.*)  As has been seen, upholding the RFAs would "practically eliminate any presentation of the merits" of Plaintiff's claims that Defendant discriminated against her due to her disability and gender and retaliated when she requested accommodations and took job-protected leave.  *Conlon*, 474 F.3d at 622.  *See Borges v. U.S. Bank*, No. 2:12-cv-2427 TLN AC, 2013 WL 1776431, at *2–3 (E.D. Cal. Apr. 25, 2013) (finding first prong of Rule 36(b) met where the admissions "amount to a complete concession that the cause of action lacks a factual or legal basis."); *Allen v. States Recovery Sys., Inc.*, Civ. No. S–09–0877 GGH, 2009 WL 3763987, at *2 (E.D. Cal. Nov. 4, 2009) (finding relief from "all encompassing" admissions that "seek to have plaintiff deny most of the allegations in the verified complaint" would "permit adjudication of this case on the merits.").  *See also Martinez v. Smith's Food & Drug Ctr., Inc.,* No. 2:21-cv-01199-GMN-NJK, 2022 WL 2160983, at *4 (D. Nev. June 15, 2022) ("sufficient showing [under the first prong of Rule 36(b)] is made when admissions go to core issues that would in large part resolve the case.").

Defendant contends that Plaintiff has failed to show that upholding the admissions would "resolve all issues" because the admissions ask Plaintiff to "admit the accuracy of certain information on documents" and "not to admissions of liability."  (Doc. 18 at 14–17.)  To the contrary, the admissions at issue are "all compassing" and seek to have Plaintiff "deny most of the allegations in the complaint."  *Allen*, 2009 WL 3763987, at *2.  But even assuming Defendant's characterization were accurate and the RFAs did not "resolve all issues" in the case, admissions need not do so for the first factor of Rule 36(b) to be satisfied.  *See N. Am. Lubricants Co. v. Terry*, No. CIV S-11-1284 KJM GGH, 2012 WL 113788, at *4 (E.D. Cal. Jan. 13, 2012) (finding first prong of Rule 36(b) satisfied even where "some of plaintiff's claims could potentially survive the deemed admissions"); *Castro v. Terhune*, No. C 98-04877 WHA, 2010 WL 3063142, at *2 (N.D. Cal. Aug. 3, 2010) ("Although these admissions are not dispositive in the action at hand, they do pertain to what may become central issues of the trial.  It seems clear

4

1    that allowing the withdrawal of the admissions will help aid in the resolution of the case.")).

2          In sum, the Court finds the first half of the test under Rule 36(b) is satisfied: allowing

3    Plaintiff to withdraw her admissions to the RFAs at issue would aid in the resolution of this case

4    on the merits.  *See Gallegos v. City of Los Angeles*, 308 F.3d 987, 993 (9th Cir. 2002).  *See also*

5    *Conlon*, 474 F.3d at 622 (noting that one of the goals of Rule 36(b) is truth-seeking in litigation).

6    **B.     Prejudice to the Nonmoving Party**

7          "The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the

8    admission will now have to convince the factfinder of its truth.  Rather, it relates to the difficulty

9    a party may face in proving its case, *e.g*., caused by the unavailability of key witnesses, because

10   of the sudden need to obtain evidence with respect to the questions previously deemed

11   admitted."  *Conlon*, 474 F.3d at 622 (quoting *Hadley*, 45 F.3d at 1348).  The party relying on the

12   admissions has the burden of proving prejudice.  *Id*.  The focus is on the prejudice the

13   nonmoving party would suffer at trial because most pretrial prejudice is curable.  *Id*. at 623.

14         Defendant offers no argument as to why it would be prejudiced by Plaintiff's withdrawal

15   of the deemed admitted RFAs, and can fairly be said to concede implicitly that it would not.  The

16   Court agrees with Defendant's implicit concession.  Plaintiff served responses to the RFAs on

17   March 28, 2025, eight days after they were due, and over four months before the discovery

18   cutoff in this case, which is August 8, 2025.  (*See* Doc. 12.)  According to Plaintiff counsel's

19   declaration, which Defendant does not dispute, responses to the RFAs were served prior to any

20   depositions being scheduled.  (*See* Doc. 18 at 22.)  Moreover, the dispositive motion deadline is

21   not until December 22, 2025 (*see* Doc. 12), and Defendant has not yet filed a motion for

22   summary judgment or otherwise relied on the admissions to its detriment.  *See Borges*, 2013 WL

23   1776431, at *3 (finding second prong of Rule 36(b) met where "only a short period of time

24   lapsed" as a result of the failure to serve responses and the nonmovant was left with "ample time

25   to conduct further discovery."); *Allen*, 2009 WL 3763987, at *2 (no prejudice where responses

26   served months before the discovery and motion deadlines and no indication that the nonmoving

27   party detrimentally relied on the deemed admissions).

28         Accordingly, the Court finds that Defendant will not be unduly prejudiced by permitting

1    Plaintiff to withdraw her admissions to the RFAs at issue.  *See Sonoda v. Cabrera*, 255 F.3d
2    1035, 1040 (9th Cir. 2001) ("Regarding prejudice, the district court found that because the
3    motion was made pre-trial Sonoda would not be hindered in presenting his evidence to the
4    factfinder.  We agree and therefore affirm the district court's decision to allow withdrawal of the
5    admissions pursuant to Fed. R. Civ. P. 36(b)."); *see also Hadley*, 45 F.3d at 1349 ("We find,
6    however, that the inconvenience the government may have suffered by the withdrawal of the
7    admissions did not rise to a level of prejudice that justified a denial of the withdrawal motion.
8    Cases finding prejudice to support a denial generally show a much higher level of reliance on the
9    admissions.").  *Cf. 999 v. C.I.T. Corp*., 776 F.2d 866, 869–70 (9th Cir. 1985) (prejudice shown
10   when Rule 36(b) motion was made in the middle of trial when the opposing party had relied
11   heavily on the admissions at trial).

12   **C.    Discretionary Factors**

13       As discussed above, a court in its discretion may deny relief even if Rule 36(b)'s two
14   factors are satisfied.  *See Conlon*, 474 F.3d at 625.  "[T]he district court may consider other
15   factors, including whether the moving party can show good cause for the delay and whether the
16   moving party appears to have a strong case on the merits."  *Id.*

17       Defendant is correct that Plaintiff has not shown good cause for the delay in responding
18   to the RFAs.  (*See* Doc. 18 at 18.)  Plaintiff's counsel apparently prepared the responses timely
19   but forgot to serve them on Defendant.  (*See id*. at 21–22.)  "Counsel's professional negligence . .
20   . is not a good excuse."  *Borges*, 2013 WL 1776431, at *3.  Nevertheless, the tardy responses
21   appear to be the result of an inadvertent mistake—a mistake that was rectified 26 minutes after
22   its discovery—and there is no evidence that such tardiness was in bad faith or for the purposes of
23   obtaining an unfair advantage in this case.  *See Henderson v. Metro. Prop. & Cas. Ins. Co*., No.
24   C09-1723RAJ, 2010 WL 3937482, at *3 (W.D. Wash. Oct. 5, 2010) (fact that failure to respond
25   to admissions was "inadvertent," as opposed to "gamesmanship or litigation misconduct,"
26   weighed "heavily in favor of granting [] request to amend," observing that "[a]t least one Ninth
27   Circuit panel has suggested that a court ***must*** permit amendment of an inadvertent admission to
28   an RFA.") (emphasis in original) (citing *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1248

(9th Cir. 1981) ("In a proper case, of course, such as when an admission has been made inadvertently, Rule 36(b) might well require the district court to permit withdrawal.")). *See also Clover v. Camp Pendleton & Quantico Hous*., No. 20-CV-567-LAB-WVG, 2023 WL 2336891, at \*2 (S.D. Cal. Mar. 1, 2023) ("Given Plaintiffs' representation that their admission to RFA No. 18 was inadvertent, the Court finds Plaintiffs' request for leave to amend their discovery response is appropriate to preserve an accurate record for litigation purposes."); *Arias v. Robinson*, No. 2:21-cv-00644-GMN-DJA, 2022 WL 36915, at \*4 (D. Nev. Jan. 4, 2022) ("[D]enying withdrawal or amendment under Rule 36 in these circumstances would give Plaintiff an unfair tactical advantage.  Defendant's error is clearly an inadvertent clerical error on which Plaintiff should not be able to benefit and base his entire case.  To do so would violate the truth-seeking goal of Rule 36.").

Additionally, as Defendant admits (Doc. 18 at 17), it is premature to consider the strength of Plaintiff's case on the merits at this time.  *See Xiong v. Mercedes-Benz USA*, LLC, No. 5:22-CV-01025-SP, 2023 WL 3150083, at \*5 (C.D. Cal. Mar. 16, 2023).  In fact, because this case is "at a relatively early stage," withdrawal of the deemed admissions is the "practical and reasonable course."  *Id.*

Because no factor strongly militates in favor of a departure from the two-prong Rule 36(b) analysis discussed above, the Court shall grant the Motion.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1.    The hearing set for May 14, 2025, is VACATED;

2.    Plaintiff's motion to withdraw admissions (Doc. 16) is GRANTED;

3.    Plaintiff's deemed admissions in response to RFA Nos. 6–12, 14, 16–20, 22, 24, and 26–31 are WITHDRAWN; and

4.    As no issue was raised concerning the substance of Plaintiff's responses to the RFAs, those responses, served March 28, 2025, shall now stand.

IT IS SO ORDERED.

7

Dated: __**May 6, 2025**__        __/s/ *Sheila K. Oberto*__

UNITED STATES MAGISTRATE JUDGE